J-S83023-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERIBERTO VAZQUEZ | : | |
| | : | |
| Appellant | : | No. 708 WDA 2018 |

Appeal from the Judgment of Sentence April 10, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003139-2017

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED MARCH 19, 2019

Appellant, Heriberto Vazquez, appeals from the judgment of sentence entered on April 10, 2018, following his open guilty plea to one count of aggravated assault and one count of aggravated assault by vehicle while driving under the influence ("DUI").[1]  Additionally, Appellant's counsel has filed a petition seeking to withdraw her representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not filed a response to

_____

[1]   18 Pa.C.S. § 2702(A)(4) and 75 Pa.C.S. § 3735.1(a), respectively. Appellant had been charged with three counts each of aggravated assault, aggravated assault with a deadly weapon, aggravated assault by vehicle while DUI, and recklessly endangering another person, and one count each of terroristic threats, DUI-incapable of safe driving, and DUI-highest rate of alcohol.  Information, 11/20/17, at 1–6.

counsel's petition.  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The prosecutor presented the following factual basis for Appellant's guilty plea:

> [C]ount [six] . . . alleges that on or about September 11, 2017, in the [C]ounty of Erie, you did attempt to cause or intentionally or knowingly cause bodily injury to another with a deadly weapon, in that [Appellant] did drive a 2016 Honda Civic while under the influence of alcohol at a high rate of speed striking another vehicle causing bodily injury to the passenger Kiera Holl, H-O-L-L, occurring in the 1200 block of Pittsburgh Avenue in the [C]ity of Erie.  Thereby, [Appellant] did commit the crime of aggravated assault, a felony of the second degree.
>
> *   *   *
>
> Count [thirteen] alleges on the same date and location [Appellant] did attempt to cause or negligently cause serious bodily injury to another person, namely Enad Al Muraihej, E-N-A-D A-L M-U-R-A-I-H-E-J, as well as Maithem Jabbar, M-A-I-T-H-E-M, Jabbar, J-A-B-B-A-R, striking that vehicle in which Mr. Jabbar was a passenger, occurring at the 100 block of Pittsburgh Avenue in the [C]ity of Erie.  Thereby, [Appellant] did commit the crime of aggravated assault by vehicle while [DUI], a felony of the second degree.

N.T. (Guilty Plea), 1/31/18, at 7–8.  The trial court accepted the guilty plea, and, with the court's permission, nol prossed the remaining thirteen counts.

On April 10, 2018, after receipt of a pre-sentence investigation ("PSI") report, the trial court sentenced Appellant to incarceration for an aggregate

term of forty to eighty months.[2]  Appellant filed a Motion for

Reconsideration/Modification of Sentence on April 20, 2018, which the trial

court denied on April 24, 2018.

Appellant filed a timely appeal.  Pursuant to Pa.R.A.P. 1925(c)(4),

Appellant's counsel filed a statement of intent to file an Anders brief, the

Commonwealth declined to file a brief, and the trial court did not file an

opinion.  On appeal, counsel presents the following question on Appellant's

behalf:  "Whether [Appellant's] sentence is manifestly excessive, clearly

unreasonable and inconsistent with the objectives of the Sentencing Code?"

Anders Brief at 3.

Before we address the question raised on appeal, we must resolve

appellate counsel's request to withdraw.  Commonwealth v. Cartrette, 83

A.3d 1030, 1032 (Pa. Super. 2013) (en banc).  There are procedural and

briefing requirements imposed upon an attorney who seeks to withdraw on

direct appeal.  The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after
> making a conscientious examination of the record, counsel has
> determined that the appeal would be frivolous; 2) furnish a copy

---

[2]  In light of Appellant's offense gravity score of eight and a prior record score of four on count six, the trial court sentenced Appellant to incarceration for twenty-one to forty-two months and payment of costs and fees of $134, a sentence on the low end of the standard Sentencing-Guideline range.  On count thirteen, with an offense gravity score of nine, the trial court sentenced Appellant to a concurrent term of imprisonment of forty to eighty months, also a standard-range sentence, followed by two years of probation.  N.T. (Sentencing), 4/10/18, at 12–13; Guideline Sentence Form, 4/16/18. Appellant was also boot-camp eligible.

of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

Id. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the Anders brief and the petition to withdraw, as well as a letter, a copy of which is attached to the withdrawal petition. In the letter, counsel advised Appellant that he could represent himself or retain private counsel to represent him. Appellant did not respond to counsel's request to withdraw.

We now examine whether the brief satisfies the Supreme Court's dictates in Santiago, which provide that:

in the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361; Cartrette, 83 A.3d at 1032.

Counsel's brief is sufficiently compliant with Santiago. It sets forth a brief history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. Anders Brief at 7–9. Further, the

- 4 -

brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. Id. at 8–9. Satisfied that counsel has met the technical requirements of Anders and Santiago, "we now have the responsibility to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Commonwealth v. Tukhi, 149 A.3d 881, 886 (Pa. Super. 2016) (citation and internal quotation marks omitted).

The issue presented challenges the discretionary aspects of Appellant's sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." Commonwealth v. Zirkle, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. Commonwealth v. W.H.M., 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in Commonwealth v. Moury, 992 A.2d 162 (Pa. Super. 2010):

> [a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Id. at 170 (citing Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006)).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Anders Brief at 4–5. Moreover, Appellant preserved the issue by filing a post-sentence motion.[3] Therefore, we next determine whether Appellant raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa. Super. 2015). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question

_____

[3] In his post-sentence motion, while not directly articulating that his sentence was excessive, Appellant implied it by his request for the imposition of a lower sentence on count thirteen. Motion for Reconsideration/Modification of Sentence, 4/20/18.

exists." Commonwealth v. Provenzano, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

On Appellant's behalf, counsel submits that the trial court failed to consider Appellant's rehabilitative needs. Anders Brief at 5. We conclude that Appellant's challenge to the imposition of his sentence as excessive, together with his claim that the trial court failed to consider his rehabilitative needs, presents a substantial question. See Commonwealth v. Johnson, 125 A.3d 822, 826 (Pa. Super. 2015) (excessive sentence claim, in conjunction with assertion that sentencing court failed to consider mitigating factors, raises a substantial question). Thus, we grant Appellant's application for allowance of appeal and address the merits of this sentencing claim. Caldwell, 117 A.3d at 770.

When reviewing a challenge to the discretionary aspects of sentencing, this Court will determine whether the trial court has abused its discretion. Caldwell, 117 A.3d at 770.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Id. (quoting Commonwealth v. Raven, 97 A.3d 1244, 1253 (Pa. Super. 2014)).

While acknowledging that Appellant's sentences on both counts were in the standard range of the Sentencing Guidelines, Appellant avers that the trial court failed to consider Appellant's alcohol addiction and the fact that certain prior convictions resulted when Appellant was a juvenile. Anders Brief at 7–8. We disagree.

The record reveals that the trial court had before it the PSI provided by the Pennsylvania Board of Probation and Parole. N.T. Sentencing, 4/10/18, at 11. When a PSI report exists, this Court presumes that the trial court "was aware of relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors." Commonwealth v. Finnecy, 135 A.3d 1028, 1038 (Pa. Super. 2016).

Moreover, defense counsel advised the court of Appellant's long-standing alcoholism and accompanying cirrhosis of the liver. N.T. (Sentencing), 4/10/18, at 5–6. Defense counsel also reminded the trial court that some of Appellant's prior offenses occurred when he was a juvenile, and his adult convictions were "misdemeanors and summaries." Id. at 5–6, 7. Counsel pled for leniency in sentencing on Appellant's behalf "based on [Appellant] not taking this to trial, [and] understanding what he did was wrong. He understands that there were three victims in this case[,] and they were injured due to his actions, driving while intoxicated. Id. at 7. In addition, Appellant exercised his right to allocution. Id. at 7–11; Pa.R.Crim.P.

704 (C)(1) (trial court shall afford the appellant the opportunity to make a statement in his behalf at the time of sentencing).

Thus, the trial court was aware of Appellant's background, criminal history, and failure to obtain and maintain treatment for alcoholism.

The trial court stated the basis for Appellant's sentence as follows:

I'm taking into consideration the statements of both counsel, your statements here, also the [PSI] report, which includes the sentencing guidelines that[] are promulgated by the Pennsylvania Commission on Sentencing. I see no reason to give you a mitigated range sentence.

N.T. (Sentencing), 4/10/18, at 12. In imposing sentence on count thirteen and ordering it to run concurrently to the sentence on count six, the trial court stated, "I'm cutting you a break in that regard." Id. at 13.

Thus, we conclude that Appellant's claim that the trial court failed to consider his rehabilitative needs is meritless. We will not re-weigh those factors and impose our judgment in place of the sentencing court. Commonwealth v. Macias, 968 A.2d 773, 778 (Pa. Super. 2009).

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. Tukhi, 149 A.3d at 886; see also Commonwealth v. Yorgey, 188 A.3d 1190, 1197 (Pa. Super. 2018) (en banc) (after determining that counsel has satisfied the technical requirements of Anders and Santiago, this Court must conduct a review of the record "to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not,

missed or misstated."). Following our review of the issue raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2019